UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-289-H

JAMES FRENCH, Next Friend and
Conservator of COLORADO FRENCH, a minor                             PLAINTIFF

V.

MURRAY, INC., LEXINGTON INSURANCE COMPANY,
WAL-MART STORES, INC.
WAL-MART STORES EAST, LP,
and WAL-MART STORES EAST,
LIMITED PARTNERSHIP                                                 DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff is the next friend and conservator of a minor child who was injured in an incident involving a riding lawn mower manufactured by Defendant, Murray, Inc. Lexington Insurance Company ("Lexington") is Murray's liability insurance company and is also named as a Defendant. Lexington has now moved to dismiss the complaint against it on the grounds that such a direct action against an insurance company is not permitted under Kentucky law. While the factual circumstances here are unusual, this Court agrees with Defendant, Murray.

The general rule under Kentucky law is that a plaintiff is not permitted to pursue a claim directly against a liability defendant's insurance carrier except under special circumstances. *See Padgett v. Long*, 453 S.W.2d 272 (Ky. 1970). The most prevalent exception to the general rule concerns circumstances in which a plaintiff first obtained a judgment against the insured, then establishes the insolvency or bankruptcy of the insured and then pursues his action against the

insurance company.  Neither those circumstances nor any other which might fit a reasonable exception are present here.

In our case, Murray commenced Chapter 11 bankruptcy proceedings in the United States District Court for the Middle District of Tennessee some time after the accident in question arose.  Plaintiff properly filed a proof of claim with the Tennessee Bankruptcy Court.  On March 21, 2006, the bankruptcy judge entered an order approving the settlement between the Murray Liquidating Trust and Plaintiff.  That order fixes Plaintiff's claim in the bankruptcy proceeding, but permits Plaintiff to proceed "against Murray, Inc., in name only, with any recovery to be had only from an available insurance or party defendant other than Murray."  This order appears to provide a proper basis for Plaintiff pursuing his claim directly against Murray with the available insurance providing appropriate coverage for any loss.

Should Plaintiff have any question or doubt as to Lexington's intention to undertake its obligations under its policy of insurance with Murray, then the appropriate procedure would seemed to be the filing of a declaratory judgment action against Lexington.  Thus far, none of the parties to this action have provided any indication that such a declaratory judgment action will be necessary.  Consequently, under the circumstances the general rule in Kentucky should apply and Plaintiff should pursue his claims directly against Murray.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the motion to dismiss of the Lexington Insurance Company is SUSTAINED and Plaintiff's claims against it are DISMISSED WITHOUT PREJUDICE.  The claims against all other Defendants remain.

This is not a final order.

cc:     Counsel of Record